ALEX G. TSE (CABN 152348)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

ERIN A. CORNELL (CABN 227135)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    Facsimile: (510) 637-3724
    Erin.Cornell@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>APPROXIMATELY $26,990.26 IN UNITED STATES CURRENCY,<br><br>    Defendant. | CASE NO.<br><br>**VERIFIED COMPLAINT FOR FORFEITURE** |

**NATURE OF THE ACTION**

1. This is a judicial forfeiture action, as authorized by Title 18, United States Code, Section 981(a)(1)(C), involving the seizure of approximately $26,990.26 in United States currency (hereinafter "the defendant currency") that was seized as property that constituted or was derived from proceeds traceable to wire fraud, a violation of Title 18, United States Code, Section 1343, and/or as property involved in money laundering, a violation of Title 18, United States Code, Sections 1956 and 1957.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under Title 28, United States Code, Sections 1345 and 1355(a).

3. This action is timely filed in accordance with Title 18, United States Code, Section

VERIFIED COMPLAINT FOR FORFEITURE           1

983(a)(3)(A).

4. Venue is proper pursuant to Title 28, United States Code, Sections 1355(b) and 1395, because the acts or omissions giving rise to the forfeiture took place in the Northern District of California.

5. Intra-district venue is proper in the Oakland Division within the Northern District of California.

## PARTIES

6. Plaintiff is the United States of America.

7. The defendant is approximately $26,990.26 in United States currency.

## FACTS

8. In or around August 2016, Reed Wallace and Johannes Westbroek were introduced to the owners of Berkeley Bowl Produce (hereinafter "Berkeley Bowl"), Glenn Yasuda and Gen Yasuda. At the time, Berkeley Bowl was partnering with Garrison Technologies to form a new company called GTI. Garrison Technologies had developed a technology to grow produce indoors. This technology was unique and with the farming expertise of Glenn Yasuda the partnership was ideal.

9. Glenn Yasuda planned on financing the start-up himself; however, Wallace and Westbroek promised they could bring in $20,000,000 pre-IPO funds to finance the start-up. In addition, Wallace and Westbroek promised that they would prepare the company for a European IPO in April 2017. Wallace and Westbroek asked for $1,000,000 in funding from Glenn Yasuda to cover costs associated with raising the pre-IPO money.

10. Wallace and Westbroek purported to know a lot of very wealthy individuals in Europe who would be more than willing to invest in a company like GTI. In addition, these investors would be willing to invest with no rate of return.

11. On August 9, 2016, Wallace and Westbroek met with Yasuda and other Berkeley Bowl Employees to discuss the future plans of the company. During this meeting, a presentation prepared by Westbroek was shared. The presentation included a detailed schedule documenting exactly where Glenn Yasuda's $1,000,000 would be spent. The schedule included items necessary for Wallace and Westbroek to get established over in Europe, set up companies over in Europe, prepare for the upcoming

IPO, and drum up investors for the pre-IPO funding. The specific spending categories included, but were not limited to, organization cost, shell GTi CEA Solutions Corp., SEC legal costs and auditor fees, marketing PR cost, and The Bulldog's America's JV Capital.

12. On August 18, 2016, Berkeley Bowl wrote a check (check number 221011) to New Age Ventures International LLC (also known as NAVI) in the amount of $100,000. On September 1, 2016, Berkeley Bowl wrote a check (check number 221464) to New Age Ventures International LLC for $400,000. Both checks were deposited into a Citibank account ending in -9831, which was held by New Age Ventures International LLC (hereinafter "NAVI account"), on August 22, 2016 and September 2, 2016, respectively.

13. The NAVI account was opened by Wallace and Westbroek on August 22, 2016.

14. Money was immediately withdrawn from the NAVI account to cover personal expenses rather than expenses Berkeley Bowl was told their money would be spent on. Money was also transferred to multiple bank accounts owned by Wallace. For example, some of the money was transferred to Wallace's personal bank account held at Citibank, account ending -5962. Between August 24, 106 and October 10, 2017, $95,513.62 was deposited into Wallace's personal bank account. Prior to these deposits, Wallace's personal bank account balance was approximately $2,400. Approximately $7,500 of the $95,513.62 was not related to Berkeley Bowl's money.

15. Over $88,000 of the total deposited was transferred in from other Wallace-owned accounts. Approximately $74,000 of the transferred deposits can be directly traced to Berkeley Bowl's money. The remaining $14,000 came from an account called Drummer International LLC, DBA Drummer Bikes (hereinafter "the Drummer Account"), which had approximately $602,000 of Berkeley Bowl's money deposited into it and approximately $19,000 of non-Berkeley Bowl deposits.

16. Between August 24, 2016 and October 10, 2017, Wallace spent $81,969.73 from his personal bank account and transferred $12,000 to another account he held at Citibank. The money was spent on expenses such as a trip to Las Vegas ($4,607.99), at a Honda dealership ($1,183.87), at DN Brakes ($1,190.33), on a cosmetic dentist ($3,535.00), at Walmart ($1,950.55), at Best Buy ($2,272.58), at an auto care center ($2,876.79), to a car loan company ($857.07), at a Miami, Florida luxury boutique hotel ($1,673.45) and over $19,000.00 in cash withdrawals.

17. Berkeley Bowl's money was also transferred into the Drummer Account, which was opened by Wallace on December 4, 2013.

18. Starring on August 26, 2016 through June 5, 2017, Wallace paid Guillermo Betancourt $16,900 from the Drummer Account to cover his son's (Richard Wallace) rent for property located in Pompano Beach, Florida. Wallace also paid Best Beach Title Company, located in Miami, Florida, $46,884.59 from the Drummer Account to purchase property located in Pompano Beach, Florida, for his son. On October 6, 2016, Wallace wired $10,000.00 to Best Beach Title Company. On November 14, 2016, Wallace wired another $36,959.34 to Best Beach Title Company. Prior to wiring money to Best Beach Title Company, the Drummer Account only contained approximately $7,000.00 of non-Berkeley Bowl money.

19. On December 16, 2016, Westbroek emailed Steve Tsujimoto, Berkeley Bowl's General Manager, and Wallace, stating that Wallace would stop by Berkeley Bowl to pick up a $500,000.00 check. The email stated that the amount should have been paid on October 15, 2016, and that "[w]e need the funds to set up International structures, deposits, working capital, and the cost of the IPO."

20. Westbroek also told several Berkeley Bowl employees that he and Wallace needed the additional $500,000.00 to be held in a European bank account, so that investors would believe they were legit and had "skin" in the game.

21. On December 16, 2016, Berkeley Bowl wrote a check to GTI-HAVI Holding LLC in the amount of $500,000.00. On December 21, 2016, this check was deposited into a Citibank account ending in -2085, which was held by GTI-NAVI Holding LLC. GTI-NAVI Holding LLC was established by Wallace and Westbroek, and the GTI-NAVI Holding LLC bank account ending in -2085 was opened by Wallace and Westbroek on August 26, 2016.

22. Instead of spending the additional $500,000.00 on what was described in Westbroek's December 16, 2016 email and what was verbally told to other Berkeley Bowl employees, Wallace deposited the money into a bank account held in the United States and some of the money was spent on personal expenditures, including to Robert Kou for renting property in El Cerrito, California ($50,382.00), to his son Richard ($10,000.00), to a real estate advisory company in Boca Raton, Florida called SCS LLC ($17,500.00), and to a school in Germany ($3,284.20).

23. To date, Wallace and Westbroek have not brought any investors or money to fund GTI's indoor farming company.

24. On August 23, 2016, the Drummer Account had a balance of $5,021.64. From August 24, 2016 to February 28, 2018, $621,886.22 was deposited into the Drummer Account. Of the $621,886.22, $602,144.00 was Berkeley Bowl's money. $12,000.00 of the deposited money was transferred into the Drummer Account from Wallace's personal bank account, which had approximately $7,300.00 of total deposits of over $95,000.00 of non-Berkeley Bowl money. The remaining $19,742.22 ($621,886.22 - $602,144.00) was not associated with money obtained from Berkeley Bowl.

25. As of February 28, 2018, the Drummer Account held assets valued at approximately $56,198.21.

26. On or about April 25, 2018, the United States obtained a seizure warrant, seeking to seize up to $56,198.21 in funds from the Drummer Account, as property that constituted or was derived from proceeds traceable to wire fraud, a violation of Title 18, United States Code, Section 1343, and/or as property involved in money laundering, a violation of Title 18, United States Code, Sections 1956 and 1957.

27. At the time of service of the seizure warrant, only $26,990.26 remained in the Drummer Account (the defendant currency).

28. On or about August 16, 2018, Reed Wallace submitted a claim for the defendant currency in response to the FBI's administrative forfeiture action.

**FIRST CLAIM FOR RELIEF**
**18 U.S.C. § 981(a)(1)(C)**
**(forfeiture of proceeds traceable to wire fraud)**

29. The United States incorporates by reference the allegations in paragraphs 1 through 28 as though fully set forth herein.

30. Title 18, United States Code, Section 1343 prohibits devising or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, by transmitting or causing to be transmitted by means of wire, radio, or television communications in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice.

VERIFIED COMPLAINT FOR FORFEITURE           5

31. Title 18, United States Code, Section 981(a)(1)(C) provides for the civil forfeiture of any property, real or personal, that constitutes or is derived from proceeds traceable to any offense constituting a "specified unlawful activity" or a conspiracy to commit such offense.

32. Title 18, United States Code, Sections 1956(c)(7) and 1961(1) define "specified unlawful activity" to include wire fraud, in violation of Title 18, United States Code, Section 1343.

33. In light of the foregoing and considering the totality of the circumstances, there is probable cause to believe that the defendant currency represents property that constitutes or is derived from proceeds traceable to wire fraud, in violation of Title 18, United States Code, section 1343, and thus subject to forfeiture under Title 18, United States Code, Sections 981(a)(1)(C), 1956(c)(7), and 1961(1).

## SECOND CLAIM FOR RELIEF
## 18 U.S.C. § 981(a)(1)(A)
### (forfeiture of property involved in money laundering transaction)

34. The United States incorporates by reference the allegations in paragraphs 1 through 33 as though fully set forth herein.

35. Title 18, United States Code, Section 1956 prohibits conducting or attempting to conduct a financial transaction with property that represents the proceeds of a specified unlawful activity, with the knowledge that the property is proceeds of a specified unlawful activity, with the intent to promote the carrying on of a specified unlawful activity or to evade taxes, or knowing the transaction is designed to conceal the nature, source location, ownership or control of the proceeds or to avoid reporting requirements.

36. Title 18, United States Code, Section 1957 prohibits knowingly engaging in or attempting to engage in a monetary transaction involving the proceeds of a specified unlawful activity of a value greater than $10,000.00.

37. Title 18, United States Code, Section 981(a)(1)(A) provides for the civil forfeiture of any property, real or personal, involved in a transaction or attempted transaction in violation of sections 1956 or 1957 of Title 18 of the United States Code, or any property traceable to such property.

38. In light of the foregoing and considering the totality of the circumstances, there is probable cause to believe that the defendant currency represents property that was involved in a

VERIFIED COMPLAINT FOR FORFEITURE        6

transaction or attempted transaction in violation of Title 18, United States Code, Sections 1956 or 1957, or that is traceable to such property, and thus subject to forfeiture under Title 18, United States Code, Section 981(a)(1)(A).

WHEREFORE, plaintiff United States of America requests that due process issue to enforce the forfeiture of the defendant currency; that notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; and that judgment of forfeiture be entered; that the Court enter judgment forfeiting the defendant currency; and that the United States be awarded such other relief as may be proper and just.

DATED: November 16, 2018

Respectfully submitted,

ALEX G. TSE
United States Attorney

/s/ Erin Cornell

ERIN A. CORNELL
Assistant United States Attorney

## VERIFICATION

I, Mandy Britton, state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation. I am the case agent assigned to this case. As such, I am familiar with the facts and the investigation leading to the filing of this Complaint for Forfeiture.

2. I have read the Complaint and believe the allegations contained in it to be true.

I declare under penalty of perjury that the foregoing is true and correct. Executed this _15_ day of November, 2018, in _Concord_, California.

MANDY BRITTON
Special Agent
Federal Bureau of Investigation

VERIFIED COMPLAINT FOR FORFEITURE       8

JS-CAND 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
United States of America

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
AUSA Erin A. Cornell, 450 Golden Gate Avenue, 9th Fl., San Francisco, CA 94102, (415) 436-7124

**DEFENDANTS**
Approximately $26,990.26 in United States Currency

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC § 881 | 422 Appeal 28 USC § 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury – Product Liability | [X] 690 Other | 423 Withdrawal 28 USC § 157 | 376 Qui Tam (31 USC § 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | **LABOR** | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment Of Veteran's Benefits | 330 Federal Employers' Liability | | 710 Fair Labor Standards Act | 820 Copyrights | 430 Banks and Banking |
| | 340 Marine | 368 Asbestos Personal Injury Product Liability | 720 Labor/Management Relations | 830 Patent | 450 Commerce |
| 151 Medicare Act | 345 Marine Product Liability | **PERSONAL PROPERTY** | 740 Railway Labor Act | 835 Patent—Abbreviated New Drug Application | 460 Deportation |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 350 Motor Vehicle | 370 Other Fraud | 751 Family and Medical Leave Act | 840 Trademark | 470 Racketeer Influenced & Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 790 Other Labor Litigation | **SOCIAL SECURITY** | 480 Consumer Credit |
| | 360 Other Personal Injury | 380 Other Personal Property Damage | 791 Employee Retirement Income Security Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| | 362 Personal Injury -Medical Malpractice | 385 Property Damage Product Liability | | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 160 Stockholders' Suits | | | **IMMIGRATION** | 863 DIWC/DIWW (405(g)) | |
| 190 Other Contract | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 462 Naturalization Application | 864 SSID Title XVI | 890 Other Statutory Actions |
| 195 Contract Product Liability | 440 Other Civil Rights | **HABEAS CORPUS** | 465 Other Immigration Actions | 865 RSI (405(g)) | 891 Agricultural Acts |
| 196 Franchise | 441 Voting | 463 Alien Detainee | | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| **REAL PROPERTY** | 442 Employment | 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 210 Land Condemnation | 443 Housing/ Accommodations | 530 General | | 871 IRS–Third Party 26 USC § 7609 | 896 Arbitration |
| 220 Foreclosure | 445 Amer. w/Disabilities–Employment | 535 Death Penalty | | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | 446 Amer. w/Disabilities–Other | **OTHER** | | | |
| 240 Torts to Land | 448 Education | 540 Mandamus & Other | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | | 550 Civil Rights | | | |
| 290 All Other Real Property | | 555 Prison Condition | | | |
| | | 560 Civil Detainee– Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation–Transfer
- [ ] 8 Multidistrict Litigation–Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. §§ 981(a)(1)(A), (a)(1)(C)
Brief description of cause:
Fraud- and money laundering-related forfeiture

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, Fed. R. Civ. P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

**VIII. RELATED CASE(S), IF ANY** *(See instructions)*:
JUDGE
DOCKET NUMBER

**IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)**
(Place an "X" in One Box Only)
[X] SAN FRANCISCO/OAKLAND     SAN JOSE     EUREKA-MCKINLEYVILLE

DATE 11/16/2018     SIGNATURE OF ATTORNEY OF RECORD