1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  ERIN A. CORNELL (CABN 227135)
   Assistant United States Attorney
5
       450 Golden Gate Avenue, Box 36055
6      San Francisco, California 94102-3495
       Telephone: (415) 436-7124
7      Facsimile: (415) 436-7234
       erin.cornell@usdoj.gov
8
   Attorneys for United States of America
9

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **CASE NO. CV 18-06960 SI** |
| Plaintiff, | **SETTLEMENT AGREEMENT, [PROPOSED] JUDGMENT OF FORFEITURE, AND** |
| v. | **DISMISSAL OF ACTION WITH PREJUDICE** |
| APPROXIMATELY $26,990.26 IN UNITED STATES CURRENCY, | |
| Defendant. | |
| REED WALLACE, | |
| Claimant. | |

As set forth in the attached settlement agreement, plaintiff United States of America and claimant Reed Wallace have entered into a settlement agreement, whereby the government agrees to return to the claimant $17,990.00 of the defendant currency, and claimant agrees to the judicial forfeiture of $9,000.26 of the defendant currency.

Accordingly, based on the terms and conditions in the settlement agreement entered into between the United States and the claimant, the parties agree that, subject to the Court's approval, the proposed Judgment of Forfeiture that is submitted below be entered, and that the action be dismissed with

| | |
|---|---|
| 1 | prejudice. |
| 2 | SO STIPULATED, AGREED, AND RESPECTFULLY REQUESTED: |

DATED: 3/27/2019

_____
REED WALLACE
Claimant

DATED: 4/02/2019

_____
ROBERT J. HANTMAN
On Behalf of the Claimant

DATED: 4/3/19

DAVID L. ANDERSON
United States Attorney

_____
ERIN A. CORNELL
Assistant United States Attorney

### [~~PROPOSED~~] JUDGMENT OF FORFEITURE

Upon consideration of the settlement agreement and the record, and for good cause shown, it is by the Court on this  9th  day of ~~March,~~ April 2019,

ORDERED, ADJUDGED AND DECREED that $9,000.26 of the defendant currency by, and hereby is, FORFEITED to the United States for disposition by the Attorney General in accordance with law; and it is further ordered that the action be, and hereby is, dismissed with prejudice.

DATED: 4/9/19

_____
HON. SUSAN ILLSTON
United States District Judge

# SETTLEMENT AGREEMENT

## In re Seizure of $26,990.26 in U.S. Currency
Case No. CV 18-06960 SI

In order to resolve this case without the expense of litigation, and in full and final settlement of all civil claims and disputes – solely between Claimant Reed Wallace and the United States – arising from and related to the civil forfeiture of the defendant currency listed above, the United States of America ("United States") and claimant Reed Wallace ("Claimant") hereby agree as follows:

1. Claimant asserts that he is the sole owner and sole claimant to the $26,990.26 in U.S. Currency seized by the Federal Bureau of Investigation on or about August 16, 2018 (the "defendant currency").

2. Claimant agrees that he has had the opportunity to consult with his attorney, that he has carefully read this agreement and discussed it with his attorney, and that he fully understands the scope and effect of the provisions of this settlement agreement. Claimant further agrees that he has discussed with his attorney the Debt Collection Improvement Act of 1996 ("DCIA"), 31 U.S.C. § 3716, and understands its implications.

3. The parties each agree that the United States will return a total of $17,990.00 of the defendant currency to Claimant. The return of a total of $17,990.00 (and all interest accrued thereon, subject to any delinquent debts owed to any federal, state, or local agencies) shall be in full settlement and satisfaction of any and all claims to the defendant currency by Claimant, his heirs, representatives, and assignees. Claimant, his heirs, representatives, and assignees shall hold harmless the United States, and any and all agents, officers, representatives, and employees of the same, and including all federal, state, and local enforcement officers, for any and all claims, defenses, actions, or liabilities arising out of or related to, directly or indirectly, this action against the defendant currency, as well as the seizure and forfeiture of the defendant currency.

4. Claimant does not agree but chooses not to challenge that the remainder of the defendant currency ($9,000.26, plus all interest accrued on that amount, hereafter the "remaining currency") is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6). Claimant withdraws any administrative claims to the remaining currency and consents to the forfeiture of the remaining currency to the United States (including by administrative or judicial, civil or criminal forfeiture) without further notice to him. Claimant further relinquishes all rights, title, and interest in the remaining currency and agrees that the remaining currency shall be forfeited to the United States and disposed of according to law by the United States. Claimant agrees not to make any further claim or request of any kind to the remaining currency. Claimant also agrees not to assist any other individual or entity in any

1

effort to contest this forfeiture nor to allow a request of any kind on his behalf to any or all of the remaining currency. Claimant further waives any and all constitutional and statutory challenges in any form (including by direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Agreement, including waiving any claim that the forfeiture constitutes an excessive fine or punishment and waiving any claim based upon a statute of limitations or upon due process. Nothing in this agreement constitutes admission of any fact or wrongdoing by the Claimant.

5. Each party shall pay its own attorney fees and costs.

6. The signatures below signify that party's understanding of and agreement to all of the above terms.

Dated: 4/3/19

DAVID L. ANDERSON
United States Attorney
Northern District of California

ERIN A. CORNELL
Assistant United States Attorney

Dated: 5/27/2019

REED WALLACE
Claimant

Dated: 4/2/2019

ROBERT J. HANTMAN
On Behalf of the Claimant

2

Settlement Agreement re: Seizure of $26,990.26
Case No. CV 18-06960 SI